12386

THE STATE v. McKENZIE

(141 S. E., 895)

CRIMINAL LAW—REFUSAL TO PERMIT WITNESS TO ANSWER QUESTION
WHETHER HE RECEIVED REPORTS ABOUT ANOTHER WITNESS HELD
PROPER, ANSWER THERETO BEING HEARSAY.—In prosecution for
violating the Prohibition Law, where witness testified defendant
brought liquor to his house and left it there for safekeeping, re-
fusal to permit defendant's counsel to ask magistrate, testifying
as State witness, whether he ever received reports about first wit-
ness being in the liquor business, was proper, since answer thereto
would have been hearsay.

Before JOHNSON, J., Jasper, June, 1927. Affirmed.

Lawrence McKenzie was convicted of violating the
Prohibition Law, and he appeals. Appeal dismissed.

*Mr. H. Klugh Purdy,* for appellant, cites: *As to interro-
gation of witness:* 2 S. E., 108.

*Solicitor Randolph Murdaugh,* for respondent, cites: *Only
general reputation of witness can be inquired into, not par-
ticular facts or incidents:* 77 S. E., 713; 68 S. C., 470. *Im-
peachment of witness:* 2 Mills Const., 171; 40 Cyc., 2615;
77 S. W., 801.

March 1, 1928.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

Lawrence McKenzie appeals to this Court from his con-
viction and sentence in the Court of General Sessions of
Jasper County on a charge of violating the Prohibition
Law.

The one exception relates to the refusal of the presiding
Judge, Hon. J. Henry Johnson, to allow a witness for the
State to answer a question put to him by the appellant's
attorney on cross-examination.

One Daniel Foy, colored, testified that the defendant
brought certain alcoholic liquor to Foy's house and left it

there for safe-keeping.   When Magistrate Browning was testifying as a witness for the State, appellant's counsel asked him this question: "Did you ever receive any reports about this negro (Daniel Foy) about his being in the liquor business?"   The witness was not permitted to answer, the trial Judge ruling that the answer would be "hearsay."   And we think the ruling of the Court was correct.

There is an appeal on the part of the State from the order of the presiding Judge settling the case, but it is not necessary to pass upon this appeal.

The judgment of this Court is that the appeal of McKenzie be dismissed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Stabler and Carter concur.